[No. 8,081.—In Bank.]
Sept. 21, 1882.

## L. C. CHANDLER v. THE PEOPLE'S SAVINGS BANK
### ET AL.

INTEREST—ACCOUNTS—ACCOUNT STATED.—When parties themselves settle their accounts (at regular intervals) without charging each other with interest, it is not in accordance with law or equity to go behind such settlements for the purpose of allowing interest in favor of one party against the other. Such settlements are considered conclusive, unless impeachable for mistake or fraud; and transactions anterior to them are not interest-bearing.

APPEAL by intervenor from a part of a judgment in her favor, and from an order denying a new trial, in the Superior Court of the County of Sacramento. CLARK, J.

*Joseph McKenna*, for Appellant.

*H. O. Beatty*, for Respondent.

McKEE, J.:

But in ascertaining the surplus to which the intervenor, who was the respondent in the foregoing case, number 7,802, and is appellant in this case, was entitled, as assignee of the Chandler note and mortgage, the Court found that, before the date of the note, Chandler and Poorman had been for many years engaged in several business enterprises, which resulted in outstanding unsettled accounts between them, and on January 12, 1876, Chandler executed the note and mortgage to cover whatever indebtedness he might owe Poorman individually or on account of the business enterprises between them, which were then terminated.

That indebtedness, as estimated by the Court, amounted,

in fact, to four thousand six hundred and thirty dollars, and not to six thousand dollars—the sum for which the note and mortgage were given. But in making the estimate, the Court found and credited Chandler with an item of two thousand seven hundred dollars, "for interest from the sixteenth of December, 1865, when Poorman succeeded to and assumed the business of Hovey & Poorman, on the monthly balances in favor of Chandler on his individual account until October 13, 1868." This finding is attacked by the intervenor, and it appears to be unsustained by the evidence.

The evidence upon the subject consists of the books of account, which had been kept by the parties in the business in which they were engaged, and the testimony of the accountant who examined them. It proves the entry of monthly credit balances in the account of Chandler from December 16, 1865, until October 1, 1868, as found by the Court; also of balances after October, 1866, on Chandler's account, and on other accounts between Chandler and Poorman during the years 1866, 1868, 1869, 1870, 1871, 1872, 1873, 1874 and 1875. "Each of the balances was ascertained by adding up monthly, during the time aforesaid, the debits and credits of the previous month, and entering the difference between them as an item of credit for the next ensuing month, without interest, and that no interest was ever charged or entered on any credit item or balance during the time said accounts ran."

The balances thus ascertained and entered were not accounts stated on which interest was chargeable. The parties seem to have ascertained them every month for their own convenience in keeping their accounts; and the fact that in ascertaining them each month no interest was calculated or included and charged on the balance of the previous month proves that they were not intended to be interest-bearing balances.

Besides the uncontroverted evidence shows that the parties had twice settled their "monthly balances"—once in February, 1867, when Chandler gave Poorman his note for two thousand dollars, bearing interest at the rate of one and one quarter per cent. per month; and next on the nineteenth of February, 1875, when he gave his note for five thousand dollars, bearing interest at one per cent. per month. Both those notes

were paid before January 12, 1876, when Chandler executed the note and mortgage in controversy.

Those settlements tended to prove that it was not the habit of the parties to charge interest on their balances; and when parties themselves settle their accounts without charging each other with interest, it is not in accordance with law or equity to go behind such settlements for the purpose of allowing interest in favor of one party against the other. Such settlements are considered conclusive, unless impeachable for mistake or fraud. (*Martin* v. *Beckwith*, 4 Wis. 219; *Hodges* v. *Hosford*, 17 Vt. 614.) Transactions anterior to them, and included in them, are not interest-bearing.

Moreover, the finding of the Court, that the interest on the "monthly balances" in favor of Chandler, from December, 1865, until October, 1878, amounted to two thousand seven hundred and ten dollars, is not borne out by the testimony. The accountant who made the calculation of interest on the general accounts, upon which the Court based its finding, on being asked what would be the balance of interest in favor of Chandler up to January 1, 1875, answered: "Well, I can not tell what it would be on the first of January, 1875." Question—"What was it on the first of January, 1876 ?" Answer —"On the first of January, 1876, his credit interest was two thousand seven hundred and ten dollars very nearly;" and, he adds, "the first debit balance against Chandler was in February, 1873; and there are no credit balances in his favor between 1875 and 1876. But two thousand seven hundred dollars interest had accrued to him before February, 1875, calculating at seven per cent part of the time and at ten per cent part of the time."

It is manifest that this calculation was made on the general accounts between the parties for seven or eight years beyond the time expressed in the finding, and without taking into account any of the interest allowable to Poorman upon monthly balances in his favor; therefore the finding is erroneous, and the judgment as to the intervenor is reversed and the cause remanded for further proceedings, according to the views herein expressed.

MORRISON, C. J., and SHARPSTEIN, MYRICK, ROSS, and MC-KINSTRY. JJ.. concurred.