[No. 9,263.   Department Two.—August 12, 1884.]

## L. C. CHANDLER, Appellant, v. PEOPLE'S SAVINGS BANK et al., Respondents.

Practice—New Trial—Appeal. — Where a judgment is reversed and the cause remanded for further proceedings, in accordance with the views expressed by the appellate court, a retrial should be had subject to the directions given in the opinion.

Appeal from a judgment of the Superior Court of the county of Sacramento, and from an order denying a new trial.

The facts appear in the opinion of the court.

*H. O. Beatty*, and *A. L. Hart*, for Appellant.

*J. McKenna*, and *Freeman & Bates*, for Respondents

Thornton, J.—In this case, when here before on appeal by the intervenor from the judgment, the judgment was reversed on

a matter relating to interest on certain balances, on the ground that the finding of fact as to such interest was not sustained by the evidence. This plainly appears from the opinion in the cause. (See *Chandler* v. *People's Savings Bank*, on the appeal of Margaret Poorman, 61 Cal. 401.) It is said in the opinion, referring to the finding as to this interest, "this finding is attacked by the intervenor, and it appears to be unsustained by the evidence." This interest appears to have been computed on certain monthly balances ascertained in making up the account between the plaintiff and one Poorman, the assignor of the intervenor, and as to this the court said in the opinion: "Moreover, the finding of the court, that the interest on the 'monthly balances' in favor of Chandler, from December, 1865, until October, 1878, amounted to two thousand seven hundred and ten dollars, is not borne out by the testimony." The finding in the judgment of the court was not sustained by the evidence, because the testimony did not show that they were interest-bearing, and it also showed a miscalculation.

As we understand the judgment in the case, a reversal was ordered because the finding was not sustained by the evidence, and the cause was remanded for further proceedings according to the views expressed in the opinion.

Certainly this order of the court left the inquiry as to interest open, as if no trial had been had on it. The plaintiff was at liberty in a new trial, if in his power, to show that the balances were of the kind which bore interest. The offers of the plaintiff which were ruled out were made with this view, that is, to show that the balances were of the character which entitled him to have interest on them. (Civ. Code, § 1917.) The court should have allowed these offers. In our view the cause was open for a new trial, subject to the views expressed by the court in the cases of *Chandler* v. *People's Bank*, 61 Cal. 396; S. C. 61 Cal. 401.

This court having reversed the judgment because the testimony was insufficient to sustain the finding on any material point, cannot direct what judgment should be entered. If it did this, it would be finding facts, which it has no authority to do.

That is the province of the court below, with which this court cannot interfere. Where, under such circumstances, the cause is remanded for further proceedings, unless the order of this

court is restricted, the cause goes back to the Superior Court to be retried, subject to the views expressed by this court.

The court erred in its rulings in excluding the offers of plaintiff, and therefore the judgment is reversed and the cause remanded that there may be a new trial, as above indicated.

SHARPSTEIN, J., and MYRICK, J., concurred:

Hearing in Bank denied.