[No. 11524.   In Bank. — August 31, 1887.]

## L. C. CHANDLER, APPELLANT, *v.* PEOPLE'S SAVINGS BANK ET AL., RESPONDENTS.

PRACTICE — REVERSAL ON ACCOUNT OF ERRONEOUS FINDING — NEW TRIAL — EVIDENCE MAY BE CONFINED TO PARTICULAR ISSUE. — Where a judgment is reversed on appeal solely on account of the insufficiency of the evidence to sustain a particular finding, and the cause is remanded for a new trial, subject to the views expressed by the Supreme Court in reference to such finding, the lower court, on the return of the case, need not try the entire cause anew, but may confine the testimony to the issue erroneously decided, and in other respects pass upon the issues in the light of the testimony already before it, or adopt the facts already found upon such testimony.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The nature of the action and the facts out of which it arose are stated in the prior opinions reported in 61 Cal. 396, 401.   The further facts are stated in the opinion of Commissioner Searls.

*H. O. Beatty, Beatty & Denson,* and *A. L. Hart,* for Appellant.

*Joseph McKenna,* and *Freeman & Bates,* for Respondents.

The COURT. — In the above-entitled cause the judgment and order appealed from are affirmed, for the reasons given by Department One.

TEMPLE, J., THORNTON, J., and SHARPSTEIN, J., dissented.

The following is the opinion of Department One above referred to, rendered on the 17th of September, 1886:—

SEARLS, C.—This cause was here in 1882, upon two appeals, one by the plaintiff from part of a judgment in favor of the intervenor, and the other by the intervenor from a part of the judgment in her favor, and from an order denying a new trial, in the Superior Court of Sacramento County.

Upon the plaintiff's appeal, and as to him, the judgment was affirmed.  (61 Cal. 396.)

Upon the appeal of the intervenor, it was held that a finding of the court below as to the interest on certain monthly balances in favor of Chandler, from December, 1865, until October, 1878, amounting to $2,710, was not supported by the testimony, and therefore that the finding was erroneous, and the judgment as to the intervenor was reversed, and the cause remanded for further proceedings, according to the views therein expressed.  (61 Cal. 401.)

The cause was brought up again in 1884, upon an appeal by the plaintiff, and from the record it appeared that certain evidence offered by the plaintiff, and tending to show that the balances in his favor were of a kind

which entitled him to interest thereon, was ruled out; and this court said, in speaking of its former decision:—

"As we understand the judgment in the case, a reversal was ordered because the finding was not sustained by the evidence, and the cause was remanded for further proceedings according to the views expressed in the opinion.

" Certainly this order of the court left the inquiry as to interest open, as if no trial had been had on it.    The plaintiff was at liberty, in a new trial, if in his power, to show that the balances were of the kind which bore interest.    The offers of the plaintiff, which were ruled out, were made with this view, that is, to show that the balances were of the character which entitled him to have interest on them.    (Civ. Code, sec. 1917.)    The court should have allowed these offers.    In our view, the case was open for a new trial, subject to the views expressed by the court," etc.; and the judgment was reversed, and the cause remanded for a new trial, subject to the views expressed by this court.    (65 Cal. 498.)

Upon the cause again coming up in the court below, the sense of the court was taken as to the extent of the new trial granted by this court under the decision last above referred to, and the court held "that a new trial was only granted as to the character of the balances mentioned in the opinion of the court on intervenor's appeal (61 Cal. 401) as to their being interest-bearing, and that the burden of the proof was on the plaintiff."

Counsel for plaintiff excepted to said decision, and asked that intervenor introduce her proof in support of her complaint of intervention, which she declined to do, whereupon plaintiff moved for a nonsuit as against the intervenor, upon the ground that she had introduced no evidence, etc.

The motion was overruled, and plaintiff excepted.

The court then heard testimony in reference to the character of the balances mentioned in the decisions,

and excluded testimony relating to other portions of the case.

Written findings were filed, covering the whole case, upon which judgment was entered in favor of intervenor, ordering a sale of the mortgaged premises, and that the proceeds, to the extent of $8,435.81 and costs, be paid to her, etc.

The question presented is this, Was it the duty of the court below to proceed to try the entire case anew, or could it confine the testimony to the issue erroneously decided, and in other respects pass upon the issues in the light of the testimony already before it, or adopt the facts already found upon such testimony?

Under the former decision in this cause, ·we are of opinion it was not incumbent on the court below to try the entire cause anew, and that the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.