FARR, Respondent, vs. SEMPLE, Appellant.

*January 14 — February 2, 1892.*

*(1, 2) Gifts: Evidence: Appeal: Immaterial error. (3) Interest on unliquidated claim.*

1. A finding of the trial court that certain articles were delivered as gifts and not as payments on a contract, is *held* to be sustained by the evidence.
2. In an action tried by the court the admission of incompetent evidence will not work a reversal where there is ample competent evidence to sustain the findings.
3. Upon an unliquidated claim for services rendered, interest does not begin to run until a demand is made.

APPEAL from the County Court of *Winnebago* County.

Action to recover for services in nursing and caring for the infant son of defendant for sixty-eight weeks and three days at the alleged contract price of $10 per week. The complaint admits payments amounting to $320. The answer admits that plaintiff cared for the child sixty-eight weeks and one day, but alleges that the contract was to pay for the services what they were reasonably worth, and that they were worth no more than $5 a week. The answer also alleges payments in money and goods of $499.10. The trial was by the court without a jury, and the court found

that plaintiff cared for the child sixty-eight weeks and two days; that there was no express agreement as to the amount of compensation, but that the value of the services was $10 per week; and that the defendant had paid $393.90, and no more. Judgment was entered for $288.94, with interest from December 4, 1888, amounting in all to $324.31. Defendant appeals.

*E. J. Goodrick*, for the appellant.

For the respondent there was a brief by *Bouck & Hilton*, attorneys, and *Charles Barber*, of counsel, and oral argument by *Mr. Barber*.

WINSLOW, J.   There was substantially no contest between the parties as to the amount of cash paid by defendant to plaintiff on account of the care of the child. It seems, however, that the defendant had delivered to the plaintiff some articles of personal property, embracing a sewing-machine, a carpet-sweeper, and other articles, aggregating about $100 in value, which he claims were payments on the contract, but which plaintiff claims were gifts. The court found them to be gifts and not payments, and to this finding defendant excepts. The evidence seems to justify the finding. The defendant's wife testified: "We paid them [the plaintiff and her husband] in cash mostly, and I made *Mrs. Farr* a number of presents." At all events, it is certain that there is no clear preponderance of the evidence against the finding.

The plaintiff was allowed to introduce evidence, against objection, that the defendant moved in a high station in life. This is claimed to be error. It is unnecessary to decide the point. This action was tried by the court, and there was ample competent evidence to sustain the finding as to the value of the services. The error, if error it was, becomes immaterial. *Hooker v. Brandon*, 75 Wis. 8.

The finding of the court was that plaintiff was entitled

to interest from December 4, 1888, the time when the services were rendered. This finding was excepted to, and was plainly erroneous. The claim was unliquidated. No demand was made nor account rendered until December, 1889. Interest did not begin to run until demand was made. *Marsh v. Fraser*, 37 Wis. 149; *Tucker v. Grover*, 60 Wis. 240. It does not appear by the evidence upon what exact day in December, 1889, the plaintiff's bill was rendered. Interest, therefore, will be reckoned from January 1, 1890.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded with directions to enter judgment in favor of the plaintiff for $288.94, with interest from January 1, 1890.