## JACOBS v. WALKER.

### No. 14,976; May 13, 1893.

#### 33 Pac. 91.

**State Lands—Contest.—The Fact That Plaintiff's Application** to purchase state land, of some portion of which he is in possession, has been adjudged invalid, and that it has been determined that he has no right to purchase, makes him none the less a proper party to proceedings to determine a contest inaugurated by a protest in the surveyor general's office against the purchase of the land by defendant. Garfield v. Wilson, 74 Cal. 175, 15 Pac. 620, and Perri v. Beaumont, 91 Cal. 30, 27 Pac. 534, followed.

**State Lands—Application to Purchase.—The Amendatory Act** of 1885 which does not require an application to purchase state land, not suitable for cultivation, to state that the applicant is an actual settler, does not cover applications made before its enactment, and render unnecessary proof that one previously applying is an actual settler, as required by the old statute.

**Where, on Appeal, a New Trial is Ordered Without Limitation** for a specified reason, the new trial should not be limited to the one issue discussed.[1]

---

[1] Cited and followed in Corporation etc. Church of Latter Day Saints v. Watson, 27 Utah, 540, 76 Pac. 707, where a reversal of judgment and order for a new trial, made generally and without restriction as to points, was held in effect to leave the case open on all issues as if never tried at all.

APPEAL from Superior Court, Mendocino County; Robert McGarvey, Judge.

Proceedings by Abner D. Jacobs against J. B. Walker to determine their right to purchase state lands. From a judgment for defendant and order denying a new trial, plaintiff appeals. Reversed.

T. L. Carothers for appellant; J. A. Cooper for respondent.

TEMPLE, C.—This is a contest in regard to the right to purchase state lands, and this is the second appeal to this court: 90 Cal. 43, 27 Pac. 48. On the first trial it was found that plaintiff in his application to purchase had falsely stated that there was no possession of any portion of the land adverse to his possession. It was found that in every other respect the matters stated in his application were true, but because of the one false statement it was adjudged that his application was invalid. This finding was affirmed on the former appeal. As to the defendant it was said that there was no finding that he was an actual resident upon the land, nor did it appear that there might not be some part of the land, equal to a legal subdivision, which was suitable for cultivation. The judgment was therefore affirmed as to plaintiff's claim, and as to the defendant it was reversed, and a new trial ordered. The complaint shows that the land in dispute is a part of a thirty-sixth section. That the defendant applied to purchase on the 23d of February, 1883, which application was approved May 3, 1883, and a certificate of purchase issued to defendant June 16, 1883. That plaintiff made his application May 6, 1884, and at the same time filed with the surveyor general a verified protest in writing against the issuance of any further evidence of title to the defendant. Attached to the complaint is the certificate of the surveyor general to the fact of the protest, and referring the contest to the courts for determination. Defendant's answer fails to deny that there was a protest, and that there was is found by the court. Yet respondent in his brief claims that plaintiff has not protested, and that the contest was not inaugurated in the state land office. He contends that as it was adjudged that the plaintiff's application to purchase was

invalid, and it has been determined that he has no right to purchase, the contest is ended so far as plaintiff is concerned, and he is out of the case. Of course, if this be so, plaintiff is not a party and cannot appeal. It would seem, also, that if the contest inaugurated by plaintiff's protest is ended, the courts have no further jurisdiction of the matter. For where there is no contest, the surveyor general must himself determine such questions as arise. As authority for this proposition he cites Ramsey v. Flournoy, 58 Cal. 260. But that case was expressly overruled in Perri v. Beaumont, 91 Cal. 30, 27 Pac. 534. So far as this question is concerned, I am unable to find any difference whatever in the last-named case and this. In both, the contest was inaugurated by a protest in the surveyor general's office by one who appeared on the face of the record to have made no valid application to purchase, though both had filed formal applications, and both were found to be in possession of some portion of the land. And in these respects both cases seem to be exactly like Garfield v. Wilson, 74 Cal. 175, 15 Pac. 620. In those cases this point was fully discussed, and the matter need not be again considered. According to those cases, plaintiff is a proper party, and is entitled to be heard.

Respondent further contends that the specifications in the notice of the motion for a new trial, which was made upon the minutes of the court, as to the alleged insufficiency of the evidence, are defective. One is to the effect that there was no evidence tending to show that the defendant was an actual settler upon the land when he applied to purchase. At the time defendant made his application to purchase, 1883, it was necessary to state in the application that he was an actual settler upon the land. Of course, unless this statement were true, he had no valid application to purchase, and he would be left in the same position as the plaintiff. The statute was amended in 1885, so that this statement was not required when the lands were not suitable for cultivation. This does not cover applications made before that time which were invalid when made. This defect in the findings was noticed on the last appeal, but as it was not important, since a new trial was ordered, the consequences of such failure were not commented on. But this was a material issue on the last trial, and, if there was no evidence upon that issue,

the case must be reversed. This specification is therefore sufficient.

The statement shows that there was no evidence whatever upon this subject, and that there was not because the learned judge concluded that a new trial was ordered only upon the one issue—whether the land was suitable for cultivation. I see no warrant for such a conclusion. The judgment here ordered a new trial, and there was no hint at any restriction as to the scope of such new trial. The order is in the usual form, and there is no more justification in claiming that the new trial was to be limited than in the numerous cases in which the same language is used, found in every volume of our Reports. It is not uncommon to send back a cause for a new trial because the court has failed to find upon some one material issue. Yet no one ever supposed, because the particular defect was specially pointed out in the opinion, that the new trial was limited thereby to the one issue discussed. The opinion is not the judgment, although it may constitute the law of the case. When a new trial is ordered without limitation, it must be understood, as it always has been, that a new trial is ordered in the whole case. It is said that the court based its action on the case of Chandler v. Bank, which was three times appealed to this court: 61 Cal. 401; 65 Cal. 498, 4 Pac. 502; 73 Cal. 317, 2 Am. St. Rep. 812, 11 Pac. 791, and 14 Pac. 864. I see no similarity in the cases, and, if the case cited were authority for the position, it would simply be one case against a thousand others running through the entire Reports. But that case is not authority for the position. On the first appeal the court noticed that the findings sustained the judgment in all respects except as to the matter of interest, and it was adjudged that the case be reversed, and remanded for further proceedings in accordance with the opinion. The doubt as to the meaning of this order arose from the fact that the court did not award a new trial. The lower court did not understand what the further proceedings could be when a new trial was not ordered. It therefore refused to retry the case, but simply struck out certain interest, which the findings did not show could be legally charged, and refused to receive further evidence which would show that the interest was authorized in accordance with the requirements of our statute. A new appeal

was taken, and an opinion rendered, which, as I think, was unfortunately worded. The writer of the opinion, Judge Thornton, thought it held that a new trial was awarded in the whole case. But the trial court understood it as holding that a new trial was to be had on one issue only, and that conclusion was sustained by a majority of this court on the third appeal, Judge Thornton dissenting. The case went off upon some unfortunate use of language, but on no possible construction is it authority for the course pursued in this case, where a new trial was ordered without restriction. No such new trial has been had, and therefore a discussion of other interesting questions suggested would be premature. I think the judgment and order should be reversed and a new trial had.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial ordered.