THE RYAN DRUG COMPANY, Respondent, vs. HVAMBSÄHL, Appellant.

*December 18, 1895 — January 7, 1896.*

*Interest: Sale of chattels: Accounts stated: Demand.*

Goods were sold on open account, and statements were sent from time to time, in which no interest was ever included. These statements were kept by the vendee without objection, and drafts were drawn upon him at intervals and paid. No other demand of payment was ever made. *Held,* that the statements constituted accounts stated, binding on both parties, and that in an action for a balance due no interest should be allowed except from the commencement of the action.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

The plaintiff sold the defendant drugs upon open account running through a series of years. Statements of account were sent from time to time by the plaintiff to the defendant, in which no interest was ever included, and no objections were made thereto by the defendant. Drafts were drawn at intervals by the plaintiff, and paid by the defendant. No demand was ever made for the payment of the account, or any part of it, further than the sending of the statements and the drawing of drafts. On the 2d of September, 1893, there was due $493.41, for which an action was brought by the plaintiff, but no interest was claimed by the plaintiff in the complaint. Upon the trial there was testimony on the part of the plaintiff that the goods were sold on sixty days' time, and a verdict was directed and rendered for the plaintiff for the amount claimed in the complaint, with interest on the monthly balances through the whole period of the account, amounting in all, principal and interest, to $521.77. From judgment on this verdict the defendant appealed.

Dowling and another vs. The Lancashire Ins. Co.

For the appellant there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

For the respondent there was a brief by *Geo. C. & Fred A. Teall*, and oral argument by *Fred A. Teall*.

WINSLOW, J.   No interest should have been allowed except from the time of the commencement of the action. There had been no demand for payment, and the statements of account sent by the plaintiff at regular intervals, and kept by the defendant, in which no interest was ever claimed, constituted accounts stated, binding on both parties, in the absence of fraud and mistake.   *Cobb v. Arundell*, 26 Wis. 553; *Chandler v. People's S. Bank*, 61 Cal. 401.

*By the Court.*— Judgment reversed, and action remanded for a new trial.