HEINEMANN BROTHERS COMPANY, Appellant, vs. WENDT, Respondent.

*May 12—June 21, 1926.*

*Contracts: Parties: Services rendered one of two persons: Evidence: Sufficiency: Interest.*

1. On the trial of a counterclaim for services rendered by an accountant, the issue was whether the services were rendered the plaintiff corporation or the estate of its deceased president. *Held:*

    (a) An item for time involved in negotiations for the performance of services subsequently performed and charged for, is not sustained by the evidence as a claim against the corporation.

    (b) Charges for drafting a book for keeping the corporation accounts distinct from the accounts of the deceased president are allowed against the corporation, as it was as much in the interest of the corporation as of the estate to have the accounts separate.

    (c) An undisputed item for services rendered the corporation is allowed, but one clearly rendered to one of the sons of the deceased president who aided in administering the estate is not a proper charge against the corporation.

2. The claim of the corporation against the accountant on open account and the latter's counterclaim for services should bear interest from the date of the commencement of the action to recover therefor.  p. 506.

APPEAL from a judgment of the municipal court of Marathon county: LOUIS MARCHETTI, Judge. *Reversed, with instructions.*

For the appellant there was a brief by *F. E. Bachhuber,* and oral argument by *Brayton E. Smith,* both of Wausau.

For the respondent the cause was submitted on the brief of *Bird, Okoneski & Puchner* of Wausau.

OWEN, J. *Heinemann Brothers Company* is a corporation in the retail mercantile business in Wausau. The defendant, *Mrs. Paul Wendt,* a resident of Wausau, is a public

accountant and expert bookkeeper.    She owed the plaintiff company $76.50 on open account.    June 1, 1923, plaintiff sent defendant a statement of the account.    On June 20, 1923, defendant wrote on the bill: "Due from N. Heinemann Estate $75.    Check to balance, $1.56."    She returned the bill so indorsed with her check for $1.56.    This check was cashed by the plaintiff September 23, 1923.    On October 24, 1923, the plaintiff sent defendant its check for $1.56, saying it was not responsible for the bills of the N. Heinemann estate.    In due time this action was commenced in justice's court against the defendant to recover the amount of, the open account.    From a judgment rendered against her in justice's court the defendant appealed to the municipal court of Marathon county.    The correctness of plaintiff's account was not denied, but defendant set up a claim for services rendered by her to the plaintiff in her capacity as public accountant and bookkeeper, as follows: "Services rendered to Heinemann Bros. thru Fred Heinemann, $45. System ordered drafted for Byron Heinemann, approved by Fred Heinemann, $35.    One day's services arranged for by Fred Heinemann, $25.    Services rendered on tax reports, $15."    The municipal court rendered judgment in favor of the plaintiff and against the defendant for $76.50; in favor of the defendant and against the plaintiff for $76.50, and offset the judgments.    From the judgment so rendered plaintiff appealed.

While there is a bill of exceptions in the case, there was no stenographic report of the evidence taken, and the record is very meager and unsatisfactory.    It appears, however, that *Heinemann Brothers Company* is something of a family corporation; that prior to his death, N. Heinemann, the father, was the president of the corporation, and that his personal accounts were to some extent intermingled with the accounts of the corporation; that at least four sons survived him—Harry, Saul, Byron, and Fred.    Harry was

vice-president of the corporation and Saul secretary and treasurer. Byron and Fred had no connection with the corporation. It appears that all four of these sons had something to do with the settlement and administration of the father's estate, but which of them, if any, or either of them, was executor, does not appear from the record. That the defendant rendered services either for the corporation or for the estate satisfactorily appears, but the difficulty is to determine whether each item of service was rendered for the corporation or for the estate.

Proceeding to consider defendant's counterclaim item by item, we first come to the item "Services rendered to Heinemann Bros. thru Fred Heinemann, $45." We are unable to tell what this item is for. The defendant testified: "Was asked by Saul to come to the office of Heinemann Bros., and when I came there he turned me over to Byron. He asked me if I could not draft a system for books with the estate. Byron was interested in the estate; he was in the employ of Heinemann Bros. Saul and Byron talked it over with me and I did charge them $45 for that. Put in eight or ten hours altogether in doing that." It would seem that this $45 was an afterthought, as it will be observed that when she sent her check for $1.56 to balance her account, her claim against Heinemann Bros. was only $75. According to her testimony the charge is for time involved in mere negotiations for the performance of services which were thereafter performed and charged for. We do not think the proof sustains this item as a valid claim against the Heinemann Bros. corporation.

The next item reads as follows: "System ordered drafted for Byron Heinemann, approved by Fred Heinemann, $35." Defendant testifies that this is for drafting a book for keeping the estate account and for separating the accounts of the estate and of the corporation. This is the book resulting from the negotiations for which she

charged $45. Inasmuch as it was evidently as much in the interest of the corporation as of the estate to have the accounts separated, we conclude that this item properly may be charged against the corporation.

It is undisputed that the $15 item was for services rendered to the corporation. That should be allowed to the defendant against the corporation. It appears from defendant's own testimony that the $25 item was for services rendered to Fred individually and not to the corporation. Plainly this is not a proper charge against the corporation. We conclude that defendant's counterclaim should have been allowed in the sum of $50. Interest should be allowed both parties on their respective claims computed from the date of the commencement of the action. *Yates v. Shepardson,* 39 Wis. 173; *Farr v. Semple,* 81 Wis. 230, 51 N. W. 319; *Ryan Drug Co. v. Hvambsahl,* 92 Wis. 62, 65 N. W. 873; *Remington v. Eastern R. Co.* 109 Wis. 154, 84 N. W. 898, 85 N. W. 321; *Burke v. Sidra Bay Co.* 116 Wis. 137, 92 N. W. 568; *State ex rel. M., St. P. & S. S. M. R. Co. v. Railroad Comm.* 137 Wis. 80, 117 N. W. 846.

*By the Court.*—Judgment reversed, and cause remanded with instructions to allow plaintiff's claim at the sum of $76.50, together with interest thereon from the date of the commencement of the action; to allow defendant's counterclaim at the sum of fifty ($50) dollars, together with interest thereon from the date of the commencement of the action; and to render judgment in favor of the plaintiff and against the defendant for the difference.