[Civ. No. 5102. Third Appellate District.—July 2, 1934.]

COUNTY OF LOS ANGELES, Respondent, v. SEABOARD SURETY CORPORATION OF AMERICA (a Corporation), Appellant.

Arthur T. Stollmack for Appellant.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondent.

GANS, J., *pro tem.*—In 1929, in a certain case of the *People of the State of California* v. *Jose Alvarez,* in the Superior Court of Los Angeles County, the bail bond was forfeited because of the nonappearance of the defendant for trial, and a summary judgment being entered on the bond in favor of the plaintiff herein, the amount thereof, and of the bond was paid by the defendant in the sum of $3,000, and said sum was deposited in a trust fund by the county treasurer. Thereafter, and within a year, the defendant was arrested in Los Angeles County, and being put upon his trial was convicted of the highest offense charged in the information. The county had incurred no expense for the apprehension of the defendant. The surety company then made application to said superior court for a refund to it of the said sum of $3,000, and upon a hearing being had, at which both plaintiff and appellant were represented, the superior court made an order finding the facts and directing that the $3,000 theretofore paid be refunded to the defendant surety company from the bail bond trust fund in the treasury of Los Angeles County. Complying with the said order of court the said money was refunded as directed.

All of these proceedings were had under and pursuant to section 1306 of the Penal Code as it read in 1929. Thereafter, and on February 25, 1931, in the case of *Pacific Indemnity Co.* v. *Meyers,* 211 Cal. 635 [296 Pac. 1084], the Supreme Court declared that portion of section 1306, providing for the refund of bail money in a case like the above, to be unconstitutional. Whereupon, in May, 1931, the plaintiff brought suit against the defendant for the recovery and return to the county treasury of the said sum of $3,000; the board of supervisors having directed that such suit be brought.

There is no dispute as to the facts. The payment was made to the surety company without any order of the board

of supervisors. Judgment was had for the plaintiff in the said last-mentioned suit, and the defendant appeals.

The principal point involved is whether a payment made by a county, without order of the board of supervisors, based upon an order of the superior court which was itself based upon an act of the legislature which is declared to be unconstitutional more than one year after the said judgment was had, be recovered by the county.

The contention of appellant is that the said judgment of the superior court ordering the refund, having been satisfied by payment of said sum as ordered, has passed beyond review because the satisfaction thereof is the last act, and an end of the proceeding.

This contention seems to be conclusive of the appeal. If the order referred to has the force of a judgment, and we think that it has, no appeal was taken, and it became final before the decision in *Pacific Indemnity Co.* v. *Meyers, supra,* was rendered, and having been satisfied by payment, it stands impregnable and will prevent any recovery by the county. (*In re Baby,* 87 Cal. 202 [25 Pac. 405, 22 Am. St. Rep. 239]; *Morton* v. *Superior Court,* 65 Cal. 498 [4 Pac. 489]; *James* v. *Superior Court,* 35 Cal. App. 148 [169 Pac. 398].)

This makes it unnecessary to discuss the other points raised, since neither they, nor any one of them, can change this situation.

The judgment of recovery from the surety company is reversed.

Pullen, P. J., and Plummer, J., concurred.