[No. 9,070. Department One. — August 5, 1884.]

JAMES MORTON, PETITIONER, *v.* THE SUPERIOR COURT OF TULARE COUNTY, RESPONDENT.

INJUNCTION — CORPORATION — AGENTS — NOTICE OF SERVICE OF THE WRIT. — An injunction enjoining a corporation, its officers, agents, and employees, and all persons acting under it, from continuing or maintaining a dam, is binding upon all persons acting as agents of the corporation "with full notice and knowledge of the issuance and service of the injunction" upon the corporation, although the agents were not personally served.

WRIT OF REVIEW — SATISFIED JUDGMENT. — A judgment which has been fully paid and satisfied will not be reviewed upon *certiorari*.

CERTIORARI to the Superior Court of the county of Tulare.

The facts are stated in the opinion of the court.

*Brown & Daggett,* for Petitioner.

*Atwell & Bradley,* for Respondent.

McKEE, J. — This is an application for a writ of *certiorari* to review certain proceedings in the Superior Court of Tulare County, in which the petitioner was adjudged guilty of contempt of court, and fined two hundred and fifty dollars, and ordered to be imprisoned until he removed a dam in the channel of a water-course, which he was charged with maintaining in violation of a decree of the court perpetually enjoining its construction and maintenance.

The contention is, that the judgment against the petitioner was void, because the proceedings in which it was rendered show that he was not a party to the injunction decree, and that the injunction had not been personally served upon him, and therefore he was not bound by that decree.

But the decree was rendered against the Kaweah Canal and Irrigation Company, a water corporation of which the petitioner was president and a director, and in which he was a stockholder. It required the corporation to remove the dam in controversy in the case, and enjoined the corporation, its officers, agents, and employés, and all persons acting under it, from continuing or maintaining the same. Service of the decree was regularly made upon the secretary of the corporation, and after service, the corporation, by its superintendent, in obedience to the decree, caused

the dam to be removed. But, soon after its removal, the petitioner resigned the offices of president and director in the corporation, and transferred his certificates of stock therein, and then entered into a verbal arrangement with one Johnson, to purchase from him a tract of land which included the locality from which the dam had been removed. Under that arrangement he entered upon the land, reconstructed the dam, and insisted upon his right to maintain it, because neither he nor Johnson, from whom he derived his right, was a party to the injunction suit.

The court found that the petitioner had "full notice and knowledge of the issuance and service of the injunction," and that "he was maintaining the dam as the agent of the corporation, in violation of the injunction." There is no force in the objection that the finding is not sustained by the evidence. The fact was fairly deducible from the admitted relation existing between the petitioner and the corporation. Besides, "the effect of an injunction restraining any acts of a corporate body, and addressed to it and its agents, etc., is to bind not only the *intangible artificial being*, but also all the individuals who act for the corporation in the transaction of its business to whose knowledge the decree comes. Unless this be so, it would be necessary in order effectually to bind a corporation by an injunction, to make every person a party to a suit who could by any possibility be its agent in doing the prohibited act." (High Injunctions, § 850.)

Undoubtedly, an officer of a corporation has a right to sever his connection with the corporation, and to individually acquire property, real or personal, from others. But he will not be permitted to exercise his right for the mere purpose of treating with contempt the orders and decrees of a court which he is bound to respect.

"Injunction orders *must* be *fairly* and *honestly* obeyed, and not defeated by subterfuges and tricks on the part of those bound to obey them. They may be violated by aiding, countenancing, and abetting others in violation thereof as well as doing it directly ; and courts do not look with indulgence upon schemes, however skillfully devised, designed to thwart their orders." (*People* v. *Pendleton*, 64 N. Y. 624.)

The order adjudging the petitioner guilty of contempt was made in the proper exercise of the jurisdiction of the court to enforce obedience to its mandates.

Besides, the order or judgment has been satisfied. After the petitioner was imprisoned he caused the dam which had been reconstructed by him, in violation of the injunction, to be removed; and thereupon the court ordered him to be released from custody, which was done; and, afterwards he voluntarily paid into court the amount of the fine, thus entirely satisfying the judgment. Satisfaction means payment, and payment of a judgment cannot be treated as void for the purpose of attacking the jurisdiction of the court that rendered it. The party had his remedy, by motion or otherwise, to vacate the satisfaction; but until set aside it is valid, and the judgment itself has passed beyond review. Satisfaction is the last act and end of the judicial proceedings.

Writ dismissed.

Ross, J., and McKINSTRY, J., concurred.