[No. 12705. In Bank. — April 22, 1889.]

THE PEOPLE ex rel. JOHN P. DUNN, State Controller, Appellant, *v.* D. M. BURNS et al. F. S. FREEMAN et al., Respondents.

APPEAL — DISMISSAL — STIPULATION MADE IN SUPREME COURT. — A stipulation made in the supreme court may be considered on a motion to dismiss the appeal, although not embodied in the transcript.

ID. — SATISFACTION OF JUDGMENT — ORDER DENYING NEW TRIAL — APPEAL FROM BY PARTY IN WHOSE FAVOR JUDGMENT IS RENDERED. — An appeal by the plaintiff in whose favor judgment has been rendered, from an order denying his motion for a new trial, will be dismissed, when it appears by stipulation that the judgment has been satisfied.

APPEAL from an order of the Superior Court of Yolo County refusing a new trial.

The action was brought at the relation of the controller of state, against D. M. Burns, a former secretary of state, and the sureties on his official bond, to recover for an alleged defalcation of Burns, as such official. Burns was not served with process, and the action was tried only as to his sureties, F. S. Freeman and N. Schardin, against whom judgment was rendered. The further facts are stated in the opinion.

*Attorney-General Johnson, Langhorne & Miller,* and *E. R. Bush,* for Appellant.

*F. E. Baker,* and *Joseph Hutchinson,* for Respondents.

Foote, C. —The plaintiff had judgment, but moved for a new trial, which was refused. From the order made in the premises, this appeal is taken.

It appears, among other things, from a stipulation filed by the attorneys in the cause in the appellate court, "that on the thirty-first day of January, 1888, the defendants, Freeman and Schardin, paid into court the amount of the judgment for principal, interest, and costs entered on said thirty-first day of January, 1888, set out in the transcript; that thereafter, on the twelfth day of March, 1888, plaintiff's attorneys of record received said moneys from the clerk of said court, and receipted therefor, and satisfied said judgment by indorsement of satisfaction upon the margin of the record thereof." Upon this it is now claimed by the respondents that the appeal must be dismissed. The attorneys for the appellant, in opposition to that, argue that the stipulation cannot be considered, because it is no part of the transcript on appeal. This view might have force if the stipulation had been made in the court below, and not in the supreme court. The admission being made, as it is, in the appellate court, we see no reason why it should be disregarded. The judgment, being satisfied, "has passed beyond review," for the satisfaction thereof "is

the last act and end of the proceeding." (*Morton* v. *Superior Court*, 65 Cal. 496.)   The fact that the appeal is taken from the order denying a new trial makes no difference, as a reversal of that order would necessarily carry with it a new trial and reversal of the judgment, which cannot be had after it is satisfied by the party in whose favor it was rendered.   If, as we gather from the briefs of counsel for appellant, they have relied solely upon the point that the appeal could not be dismissed from anything appearing in the stipulation, and have, therefore, not availed themselves of the presentation of facts which they might otherwise have done, and which might perchance place the matter in a different light, it may be that upon a proper showing, before the going down of the *remittitur*, an opportunity might be afforded to relieve them of the force of the stipulation.   As the case now stands, we advise that the appeal be dismissed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.— For the reason given in the foregoing opinion, the appeal is dismissed.

Rehearing denied.