[No. 13902.    Department One. — December 19, 1890.]

In the Matter of the Estate of FRANCIS R. BABY, Deceased.

Appeal — Dismissal — Decree of Distribution — Satisfaction of Judgment. — When a judgment has been satisfied it has passed beyond review; and an appeal from a decree of distribution will be dismissed, where it appears that the appellants had received payment in full of the distributive shares allotted to them by the decree.

Judgment — Payment — Final Discharge. — Payment of a judgment produces a permanent and irrevocable discharge; after which the judgment cannot be restored by any subsequent agreement, nor kept on foot to cover new and distinct engagements.

Motion to dismiss an appeal from a decree of distribution of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Galpin & Zeigler,* for Appellants.

The decree is in the appellants' favor for a certain amount, for which they have receipted. After this receipt they appeal for a modification of the decree, which, as to a lapsed legacy, was clearly erroneous. A receipt under such circumstances is not a waiver of their right of appeal. (*Clowes* v. *Dickenson,* 8 Cow. 330; *Higbie* v. *Westlake,* 14 N. Y. 288; *Benkard* v. *Babcock,* 2 Rob. (N. Y.) 175–178; *Meaders* v. *Gray,* 60 Miss. 400; 45 Am. Rep. 414; *Clifft* v. *Wade,* 51 Tex. 14; *Erwin* v. *Lowry,* 7 How. 172, 183, 184; *Wheeler* v. *Catlin,* 44 Wis. 464; *Catlin* v. *Wheeler,* 49 Wis. 522–524.) While the fact that the order of discharge has been made may affect the right to proceed against the administrator, it cannot, in case of a modification of the decree, bar the bringing of an action in *assumpsit* against the co-legatee, who has received more than her share of the property. (*Scholey* v. *Halsey,* 72 N. Y. 578; *Crane* v. *Runey,* 26 Fed. Rep. 15.)

*Page & Eells,* and *Pillsbury & Blanding,* for Respondents.

The judgment became a dead record when it was satisfied, which satisfaction was made before the appeal was taken. (*Moore* v. *Floyd,* 4 Or. 260; *Cassell* v. *Fagin,* 11 Mo. 208; 47 Am. Dec. 151.) The judgment, being satisfied, has passed beyond review. (*People* v. *Burns,* 78 Cal. 645–647; *Morton* v. *Superior Court,* 65 Cal. 496–498.) The right to proceed on a judgment or decree, and enjoy its fruits and the right of appeal, are not concurrent, but inconsistent, and consequently a party accepting the benefit of a judgment or decree is estopped to appeal from it. (*Morgan* v. *Ladd,* 7 Ill. 414–416; *Murphy* v. *Murphy,* 45 Ala. 123–125; *Fly* v. *Bailey,* 36 Tex. 119; *Alexander* v. *Alexander,* 104 N. Y. 643; *Knapp* v. *Brown,* 45 N. Y. 207; *Hall* v. *Lacy,* 37 Pa. St. 366; *Smith* v. *Jack,*

2 Watts & S. 101; *Holt* v. *Reid*, 46 Ill. 181–183; *Corwin* v. *Shoup*, 76 Ill. 246–249; *Altoona* v. *Delaware*, 44 Iowa, 201; *Borgalthous* v. *Ins. Co.*, 36 Iowa, 250–252; *Campbell* v. *Orillion*, 3 La. Ann. 115; *Lamprey* v. *Henk*, 16 Minn. 362–364; *Garner* v. *Garner*, 38 Ind. 139, 140; *Pulling* v. *Supervisors*, 3 Wis. 304–308.) The exceptions to this rule, which have been recognized by some courts, seem to rise where a party is obliged to do something in the way of payment, in order to get into a position to appeal, accepting no benefit, but merely doing what the judgment compels, or where he is prosecuting an appeal which does not involve a reversal of that part of the judgment or decree under which he takes the money. (*Cogswell* v. *Colley*, 22 Wis. 381, 382; *Kelly* v. *Bloom*, 17 Abb. Pr. 229–231; *Bennett* v. *Van Syckel*, 18 N. Y. 481–484.)

The Court. — The respondents have moved to dismiss the appeal herein on two grounds, viz.: 1. The judgment was satisfied by the appellants before the appeal was taken; 2. Notice of appeal was not served on Gibbs, one of the distributees.

The decree of distribution was entered March 24, 1890, and the notice of appeal was served May 12, 1890. On the eleventh day of April, 1890, there were filed in the court below two receipts, signed by the appellants, in which they respectively acknowledged that they had received from the administrator certain sums of money and personal property, *in full of the distributive shares of the said estate allotted to them in and by the decree of distribution therein entered March 14, 1890.*

When a judgment has been satisfied, it has passed beyond review; for the satisfaction thereof is the last act and end of the proceeding. (*Morton* v. *Superior Court*, 65 Cal. 496; *People* v. *Burns*, 78 Cal. 645.) "Payment produces a permanent and irrevocable discharge; after which the judgment cannot be restored by any subse-

quent agreement, nor kept on foot to cover new and distinct engagements." (Freeman on Judgments, sec. 466; Moore v. Floyd, 4 Or. 260; Cassell v. Fagin, 11 Mo. 208; 47 Am. Dec. 151.)·

We are unable to say, from the record, that the rights of Gibbs would not be affected by a reversal of the decree; and in view of what has been said upon the first ground of the motion, it is unnecessary for us to pass upon the question whether it was necessary that he should be served with a notice of appeal.

The motion to dismiss is granted.