[S. F. No. 2421.    Department One.—December 29, 1900.]

In the Matter of the Estate of AARON SHAVER, Deceased. ANNIE J. SHAVER and JACOB SHAVER, Appellants, v. JAMES TUNSTEAD, Executor, Respondent.

DISTRIBUTION OF ESTATE—RECEIPT OF DISTRIBUTEES—DISCHARGE OF ADMINISTRATOR—APPEAL FROM DECREE—DISMISSAL.—After an estate has been distributed, and the distributees, who signed their consent to the distribution, have received and receipted for all of the property of the estate, and the administrator, upon filing their receipt as a voucher, has been discharged, an appeal taken by the distributees from the decree of distribution must be dismissed.

ID.—ACCEPTANCE OF FRUITS OF JUDGMENT—RIGHT OF APPEAL—ELECTION. The acceptance of the fruits of a judgment is inconsistent with the right of appeal therefrom; and an election to take one of them is a renunciation of the other.

ID.—AFFIDAVITS AS TO MISAPPREHENSION AND MISINFORMATION OF APPELLANTS—REVIEW UPON MOTION TO DISMISS.—Affidavits of the appellants tending to show that their consent to the distribution and

their acceptance of, and receipt for, the property distributed were induced under a misapprehension and misinformation of fact, however they might have been considered upon a motion to set aside the decree of distribution and upon an appeal from the order made upon such motion, cannot be considered upon a motion to dismiss an appeal from the decree.

MOTION to dismiss appeals from a decree of the Superior Court of Marin County distributing the estate of a deceased person. F. M. Angellotti, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellants.

Lennon & Hawkins, for Respondent.

HARRISON, J.—The executor of the last will and testament of the above decedent presented to the superior court for final settlement an account of his administration of the estate, and at the same time a petition for the distribution of the estate remaining in his hands, setting forth therein the provisions of the will and the names of the persons entitled to receive distribution, and also the shares of the estate to which they were respectively entitled. After due notice of the time and place appointed for hearing the same, the court heard the testimony and proof submitted in support of the account, made an order settling the same, and thereupon made an order distributing the estate in accordance with the terms of the petition. The decree of distribution was entered April 24, 1900.

June 20th Annie J. Shaver and Jacob Shaver, two of the distributees named in the decree, appealed therefrom to this court, bringing as the record here the petition and decree, without any bill of exceptions.

The respondents have filed herein copies of certain records and papers on file in the superior court in the matter of the administration of said estate, showing that after the above-named petition was filed, and prior to the day appointed for its hearing, the appellants signed their consent to the settlement and allowance of the account, and to the distribution of the estate in accordance with the prayer of said petition, and that the same was filed in court before the hearing upon the said peti-

tion; and that on the next day after the said decree of distribution was entered of record, viz., April 24th, the executor paid and delivered to each of said appellants all of the personal property, and the possession of the real estate distributed to them by said decree, and that their voucher therefor was filed in said court, and that thereupon, on April 25th, the court made an order discharging the said executor from all further duties and responsibilities of his trust as such executor. Upon these facts the respondents have moved for a dismissal of the appeals upon the ground that the appellants, having accepted the provisions of the judgment and voluntarily satisfied the same, were not at liberty thereafter to appeal therefrom.

The right to accept the fruits of a judgment, and the right of appeal therefrom are not concurrent. On the contrary, they are totally inconsistent. An election to take one of these courses is, therefore, a renunciation of the other. (*Bennett v. Van Syckel*, 18 N. Y. 481.) The precise question involved herein was presented in *Estate of Baby*, 87 Cal. 200,[1] and upon the motion of the respondents therein the appeal was dismissed, the court saying: "When a judgment has been satisfied it has passed beyond review, for the satisfaction thereof is the last act and end of the proceeding." And upon the authority of that case the motion must be granted.

The appellants have presented herein certain affidavits tending to show that their consent to the settlement of the account and the entry of the decree of distribution was signed by them under certain misapprehension and misinformation of fact, and that they received the property distributed to them and signed their receipt therefor by reason of the same misapprehension.

The matters presented in these affidavits cannot, however, be considered upon this motion to dismiss the appeal. Whether they could have been considered upon a motion in the superior court to set aside the decree of distribution need not be determined. If such motion had been made in that court the affidavits would then have formed a part of its records, and could have been authenticated in a bill of exceptions and would form a part of the record on appeal from the order made upon the motion. No motion of this nature was, however, made before that court, nor was any matter presented for its consideration

[1] 22 Am. St. Rep. 239.

tending to impair the validity and correctness of the decree, and while the decree remains as the judgment of that court this court has no jurisdiction to question its sufficiency or force by reason of any matters which are not of record.

The appeals are dismissed.

Van Dyke, J., and Garoutte, J., concurred.

Hearing in Bank denied.