(June 8, 1904.)

## BECHTEL v. EVANS.

[77 Pac. 212.]

DISMISSAL OF APPEAL—SATISFACTION OF ORDER OR JUDGMENT—TAXING COSTS.

1. Where a party has collected a judgment in his favor, and by the prosecution of an appeal from such judgment, in seeking to gain more, thereby incurs the hazard of eventually recovering less, his appeal should be dismissed.

2. If, however, the appeal is from such an order or judgment that the appellant could in no event recover a less favorable judgment and that he incurs no hazard of ever obtaining less than the amount received or collected by him, the reason for the rule ceases and his appeal should be allowed.

3. A successful party should not be disallowed fees for witnesses who were subpoenaed and attended on the trial for the reason alone that they did not testify, but the party claiming fees for such witnesses should be required to make a satisfactory showing as to the reasons for their attendance and causes which made it necessary for them to testify.

4. Record in this case examined and held that there is no error in the order of the trial judge taxing costs.

(Syllabus by the court.)

APPEAL from District Court in and for Nez Perce County. Honorable Edgar C. Steele, Judge.

From an order made after final judgment taxing costs, plaintiff appeals. Affirmed.

George W. Tannahill, for Appellant.

The supreme court of the state of Idaho has laid down the rule in the case of *Griffith v. Montandon,* 4 Idaho, 75, 35 Pac. 704, in which the court holds that witnesses who attend upon the trial of a cause and do not testify should receive their fees, provided it appears from the cost bill or affidavit attached thereto the reason why they were not sworn to testify in the cause. We see no reason why these witnesses who appeared in obedience to a subpoena, and were in attendance upon the trial of this cause, should not be allowed to collect and receive their fees. As authority upon this question we respectfully refer to *Cole v. Duchencau,* 13 Utah, 42, 44 Pac. 92; *Randall v. Falkner,* 41 Cal. 242; *Gilbert v. Kennedy,* 22 Mich. 5; *Lindy v. McChesney, et al.,* 141 Cal. 351, 74 Pac. 1034; *Raft River Land etc. Co. v. Langford,* 6 Idaho, 30, 51 Pac. 1027; *Thiessen v. Riggs et al.,* 5 Idaho, 487, 51 Pac. 107; *Perham v. Portland General Electric Co.,* 33 Or. 451, 72 Am. St. Rep. 730, 53 Pac. 24, 40 L. R. A. 799; *Gray's Harbor Boom Co. v. McAmmant et al.,* 21 Wash. 465, 58 Pac. 573; *Meyer v. City of San Diego et al.,* 132 Cal. 35, 64 Pac. 124; *Elliott v. Collins,* 6 Idaho, 157, 53 Pac. 453; *Ivall et al. v. Willis et al.,* 17 Wash. 645, 50 Pac. 467; *McGlauflin v. Wormser,* 28 Mont. 177, 72 Pac. 428.

Charles L. McDonald and Forney & Moore, for Respondent, cite no authorities upon the points decided by the court not cited by appellant.

AILSHIE, J.—This is an appeal from an order made after final judgment taxing the costs of the case. On the seventh day of December, 1903, judgment was rendered and entered in the district court in favor of the plaintiff and against defendant in the sum of $400, and on the ninth day of the same month the plaintiff filed his memorandum of costs and disbursements

claiming the sum of $420.75 costs taxable therein. Thereafter, and on the fourteenth day of the same month the defendant filed his motion to have the costs taxed by the court and accompanied the same by the affidavit of his attorney, C. L. McDonald, Esq. The plaintiff filed a counter-affidavit, and on the twenty-eighth day of January, 1904, the matter was heard by the district judge upon the affidavits of the respective parties and the subpoenas and returns thereon which were among the files in the case. After the hearing the judge made an order disallowing the *per diem* and mileage for a number of character witnesses subpoenaed by the plaintiff and further reducing the *per diem* allowance for other witnesses, disallowing the cost bill in the total sum of $181, and allowing it in the sum of $239.75. The judgment was accordingly entered in favor of the plaintiff for the sum of $239.75 costs. From this order the plaintiff on the second day of March, 1904, filed and served his notice of appeal. The defendant has moved to dismiss the appeal upon the grounds that the judgment has been paid and satisfied and that therefore the plaintiff cannot prosecute any further appeal. On this motion defendant has submitted a certified copy of the judgment docket of the district court, from which it appears that the defendant on the fourth day of February, 1904, paid in to the clerk of the district court the sum of $646.80 in full of the judgment, costs and accrued interest to that date. On the same date this sum was paid over by the clerk to the attorney for the plaintiff and a satisfaction of the judgment was entered upon the docket and signed by plaintiff's attorney in the following words: "Received from J. R. Lydon, clerk of court, $646.80 and judgment satisfied in said sum of $646.80." It will be observed from the foregoing statement that the appeal from the order taxing costs was taken nearly a month after the plaintiff had received the amount of the judgment and entered this satisfaction thereof. The defendant rests his motion to dismiss the appeal upon the ground that the judgment having been paid and satisfied, the plaintiff cannot prosecute an appeal therefrom.

It seems to us, as a general proposition of law, that a successful party should not be allowed to gather in and enjoy the fruits of his judgment and thereafter prosecute an appeal and complain of error committed against him. (*Estate of Baby*, 87

Cal. 200, 22 Am. St. Rep. 239, 25 Pac. 405; *Alexander v. Alexander,* 104 N. Y. 643, 10 N. E. 37; *Webster-Glover Lumber etc. Co. v. St. Croix County,* 71 Wis. 317, 36 N. W. 864; *Murphy v. Murphy,* 45 Ala. 123; *Corwin v. Shoup,* 76 Ill. 246 *Carll v. Oakley,* 97 N. Y. 633; *Moore v. Floyd,* 4 Or. 260; *Lamprey v. Henk,* 16 Minn. 405; *Buckman v. Etwood,* 44 Ill. 183; *Hall v. Lucy,* 37 Pa. St. 366; *Fly v. Bailey,* 36 Tex. 119; *Garner v. Garner,* 38 Ind. 137; *Indiana School Dist. of Altoona v. District Township of Delaware,* 44 Iowa, 201.)

Upon reason and principle, however, it appears to us that the test should be this: If the party has collected his judgment, and in seeking to gain more by the prosecution of an appeal thereby incurs the hazard of eventually recovering less, then his appeal should be dismissed. If, on the other hand, the appeal is from such an order or judgment as that he could in no event recover a less favorable judgment and that he incurs no hazard of ever receiving less than the judgment already collected by him, we see no objection to the prosecution of his appeal. (*Cowles v. Dickenson,* 8 Cow. 328; *Knapp v. Brown,* 45 N. Y. 207; *Alexander v. Alexander,* 104 N. Y. 645, 10 N. E. 37.)

In this case it should be observed that the appeal is not from the final judgment and is merely from the subsequent order made by the court striking $181 from the cost bill. As the appeal comes to this court, however we might determine it, and whatever disposition we might make of the matter—the defendant not having appealed—plaintiff could in no event receive less than the amount allowed him by the district judge. This is not a case where a new trial could be ordered.

For the foregoing reasons we have examined the case on its merits as presented by this appeal. We do not think the court erred in its rulings in taxing costs. It is true the trial judge has not designated in his order the reasons for striking from the cost bill the items enumerated in the order; but having before us the affidavits and records which were considered by him, we infer that the reasons upon which the order is founded are those contained in the records and files considered. We agree with appellant in his contention that a successful party should not be disallowed fees for witnesses who are subpoenaed and at-

tended upon the trial for the reason alone that they were not sworn and examined in the case, and we do not understand the case of *Griffith v. Montandon,* 4 Idaho, 75, 35 Pac. 704, as going to that extent. We do think, however, that where a party claims fees for witnesses who are not sworn and examined in the case, he should make a satisfactory showing as to the reasons for the attendance of the witnesses and the causes which made it unnecessary for them to testify. The principal objection made here by appellant is the refusal of the district judge to allow *per diem* and mileage for twelve witnesses who, it is claimed, were subpoenaed and attended for the purpose of meeting an anticipated attack upon the plaintiff's character, or rather his reputation.

After an examination of the respective affidavits, and in view of the weakness of the showing made by the plaintiff as to the reason for the attendance of these witnesses, and the strength of the counter showing by the defendant, we are not prepared to say that the trial judge committed any error in taxing the costs.

The order from which this appeal is prosecuted will be affirmed, and it is so ordered. Costs awarded to respondent.

Sullivan, C. J., and Stockslager, J., concur.

---

(June 8, 1904.)

