[L. A. No. 2082. In Bank.—November 7, 1907.]

## W. D. TURNER, Respondent, v. H. H. MARKHAM, Appellant, and GEORGE H. COFFIN, et al., Defendants.

HOMESTEAD SUBJECTED TO EXECUTION — RECEIPT OF EXEMPTION BY CLAIMANT—ELECTION TO ABIDE BY JUDGMENT—ESTOPPEL.—A judgment debtor, whose homestead has been subjected to execution in proceedings had under sections 1245 et seq. of the Civil Code, and who, pending his appeal from the judgment subjecting the homestead to execution, accepts from the sheriff the five thousand dollars to which he was entitled as the amount of his homestead exemption, thereby elects to abide by the judgment, and is estopped from the further prosecution of his appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Wright, Bell & Ward, Walter J. Trask, and Benjamin E. Page, for Appellant.

Hunsaker & Britt, and Porter, Sutton & Cruickshank, for Respondent.

HENSHAW, J.—Plaintiff, a judgment creditor of defendant, successfully undertook to subject the homestead of defendant to execution, under sections 1245 *et seq.* of the Civil Code. The homestead property was sold for about twenty thousand dollars. Defendant Markham has taken this appeal from the court's order and judgment so subjecting the homestead to execution sale. Pending his appeal he accepted from the sheriff five thousand dollars, to which he was entitled as the amount of his homestead exemption. Respondent now moves to dismiss his appeal upon the ground that having accepted the fruits of the judgment, he is estopped from further prosecuting his appeal from it. It is, of course, the general rule that a party litigant cannot accept the benefits of a judgment and appeal from it. He has his option to proceed with his appeal or to accept what the judgment may award him and forego his appeal. If he does accept the fruits of the judgment his election so to do estops him from further prosecution of the appeal. It is, in effect, his affirmance of the validity of the judgment against him. (*People* v. *Burns*, 78 Cal. 645, [21 Pac. 540] ; *In re Baby*, 87 Cal. 200, [22 Am. St. Rep. 239, 25 Pac. 405] ; *Estate of Shaver*, 131 Cal. 219, [63 Pac. 340] ; *Storke* v. *Storke*, 132 Cal. 349, [64 Pac. 578] ; *County of San Bernardino* v. *County of Riverside*, 135 Cal. 618, [67 Pac. 1047].)

By appellant, however, it is argued that this is not the simple case of a judgment creditor accepting the fruits of the judgment; that, in any event, he was entitled to the five thousand dollars which he took, and that the acceptance of the five thousand dollars, which was unquestionably his, should not be held to destroy his right to have determined the question as to whether or not his homestead should have been subjected to execution process and sale. Moreover, he contends that his acceptance of the five thousand dollars was not voluntary, but was under a certain sort of legal compulsion, because if he had refused to accept the money and allowed it to remain in the hands of the sheriff for more than six months, pending the determination of his appeal, that money in turn would have been liable to seizure at the hands of his creditors.

It is true, as appellant says, that the amount of money to which he was entitled was not in dispute. But none the less the very matter in controversy was whether his homestead should take the form of money or of land, and in accepting the money there was an acquiescence upon his part in the judgment which decreed the form which the exemption should take. In *In re Baby,* 87 Cal. 201, [22 Am. St. Rep. 239, 25 Pac. 405], the appellants appealed from a decree of distribution. Pending their appeal they received and receipted for the distributive share of the estate awarded them by the decree. Their contention upon the appeal was that they were entitled to more than the decree gave them. This court declared that their acceptance amounted to a satisfaction of judgment, which satisfaction became "the last act and end of the proceeding," and upon motion dismissed the appeal. So also in *Estate of Shaver,* 131 Cal. 219, [63 Pac. 340], the court dismissing a similar appeal, declared: "The precise question involved herein was presented in *Estate of Baby.* . . . The right to accept the fruits of a judgment and the right of appeal therefrom are not concurrent. On the contrary, they are totally inconsistent. An election to take one of the courses is, therefore, a renunciation of the other." These cases are cited in illustration of the length to which the rule has been carried. Clearly no estoppel could be said to have arisen against those appellants because of their action in accepting the judgment, since the position of the adverse party—the estate or the other heirs, devisees and legatees thereof—was in no way changed to its or their injury by the conduct of the appellants in accepting the amount awarded by the decree of distribution. Each side to the controversy there conceded that the appellants were entitled to the amount which they took, and the only question at issue was whether they were entitled to more than was awarded them, a question as to which the respondents on the appeal could not be injured by the appellant's acceptance of what admittedly they were entitled to. Yet, nevertheless, in these cases the rule of election was applied. Much stronger than those cases is the one at bar. The appellant has accepted five thousand dollars and has devoted it to his own use. He is a judgment debtor in insolvency. If he succeeded upon his appeal in overthrowing the sale of his homestead, the purchaser at that sale could

recover from the judgment creditor the full amount paid. (Code Civ. Proc., sec. 708.)    So that if this appeal should, under these circumstances, be successfully prosecuted, respondent would become liable for the five thousand dollars which appellant has taken to his own use.    Here clearly is a situation presented where the appellant by his election has changed the position of the respondent to the latter's injury, and the doctrine of estoppel by election is clearly applicable.

The motion to dismiss is therefore granted.

Lorigan, J., Shaw, J., Angellotti, J., McFarland, J., and Sloss, J., concurred.

Rehearing denied.                    ○