[Civ. No. 1736.   Third Appellate District.—October 26, 1917.]

HENRY T. JAMES et al., Petitioners, v. SUPERIOR
COURT, etc., et al., Respondents.

CERTIORARI—ANNULMENT OF ORDER DISSOLVING PRELIMINARY INJUNC-
TION — ABSTRACT QUESTION. — Where a temporary injunction was
issued solely for the purpose of preventing the sale of capital stock
of a corporation to enforce the payment of an assessment, the valid-
ity of a subsequent order dissolving the injunction was immaterial
where, prior to the time of application for a writ of *certiorari* to
annul the order, the petitioner had made a voluntary payment of
the assessment.

APPLICATION for a Writ of Certiorari originally made
to the District Court of Appeal for the Third Appellate Dis-
trict to annul an order dissolving a preliminary injunction.

The facts are stated in the opinion of the court.

Frank D. McClure, and Franklin P. Bull, for Petitioners.

Frank Freeman, for Respondents.

BURNETT, J.—The application is to annul an order made
by said superior court on July 27, 1915, dissolving a prelim-
inary injunction directed to be issued on March 30, 1915,
after notice and full hearing in the case of Henry T. James *v.*
P. B. Steifer Mining Co. (a Corporation), pending in said
court at the time said orders were made. No appeal was
taken from the order granting the injunction.

The contention of petitioner is:

"(1) That the superior court has no jurisdiction to change,
modify, dissolve, or otherwise interfere with the temporary
injunction granted upon hearing, after an order to show
cause, and in full force and effect.

"(2) That any attempt to dissolve the temporary injunc-
tion after its issuance, upon hearing, and order to show cause,
would require a review of the motion for the injunction, and
that the superior court has no jurisdiction to review such a
motion. . . .

"(4) That the statute regulating proceedings on motion
for temporary injunction is very general in its terms, covers

the entire subject matter and prohibits the change, modification or dissolution of a temporary injunction, except in cases of mandatory injunction by appeal, and in cases of unlawful diversion of water. . . .

"(6) That a writ of *certiorari* is the proper remedy, because the superior court exceeded its jurisdiction in dissolving the temporary injunction, and plaintiff has no other means of redress."

The foregoing propositions are apparently supported by the decision of the supreme court in the carefully and thoroughly considered case of *United Railroads of San Francisco v. Superior Court,* 170 Cal. 755, [Ann. Cas. 1916E, 199, 151 Pac. 129], but respondents in their brief point out that in February, March, October, and November, 1915, petitioners herein paid severally the full amount of the assessment on their respective shares of capital stock, and the company issued to them receipts therefor, and said assessments have been marked paid on the books of said company. Since the said temporary injunction was issued solely for the purpose of preventing the sale of said capital stock to enforce the payment of said assessment and the payment has been voluntarily made, the continuance in force of said writ would seem to be a matter of no practical importance. It is not to be presumed, of course, that the directors of the corporation will attempt to make a sale to accomplish a purpose that has already been accomplished by the voluntary act of petitioners. It can be said that the subject matter of the litigation, as far as this proceeding is concerned, has been fully settled and adjusted. In other words, the actual controversy between the parties has ceased to exist as a live question. It is therefore no longer of any legal consequence whether petitioners are right in their contention that the order attempting to dissolve the injunction is entirely void. By the payment of said assessment they have made it virtually an abstract proposition of law upon which no rights herein depend, and wherein really no relief can be afforded. (*Franklin* v. *Peers,* 95 Va. 602, [29 S. E. 321]; *Morton* v. *Superior Court,* 65 Cal. 496, [4 Pac. 489]; *People* v. *Burns,* 78 Cal. 645, [21 Pac. 540]; *Estate of Baby,* 87 Cal. 200, [22 Am. St. Rep. 239, 25 Pac. 405].)

It may be said that petitioners make no reply to this contention of respondents, and we must conclude that they have no reply to make.

The writ is discharged.

Chipman, P. J., and Hart, J., concurred.