STOCKYARDS NATIONAL BANK OF CHICAGO, a Corporation, Appellant, v. EDWARD B. ARTHUR et al., Defendants, and THE PICABO STATE BANK, a Corporation, Cross-Complainant and Respondent.

[262 Pac. 510.]

APPEAL AND ERROR—MOOT QUESTIONS—MOTION TO DISMISS—MATTERS NOT OF RECORD — FINAL SATISFACTION — WAIVER OF RIGHT OF APPEAL.

1.   Where specifications of error raise only moot question, it will not be considered by supreme court.

2.   On motion to dismiss, supreme court will consider evidence outside record tending to show that, since entry of judgment or order appealed from, substance of controversy has disappeared.

3.   After final satisfaction of record of judgment, cause has passed beyond review by any proceeding.

4.   In action to foreclose mortgage, there can be no appeal by plaintiff from decree of foreclosure after it caused orders of sale to issue under such decree, and sheriff had made return under sheriff's sale showing mortgaged property exhausted by sale and sum paid to cross-complainant on its joint interest in decree, since right to accept fruits of judgment and right of appeal are totally inconsistent, and election to take one is renunciation of the other.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County.   Hon. H. F. Ensign, Judge.

Action to foreclose real estate and chattel mortgages. Motion to dismiss plaintiff's appeal.   *Appeal dismissed.*

Publisher's Note.

1.   See 2 R. C. L. 169.

3.   Appeal from satisfied judgment, see note in 45 Am. St. 271. See, also, 2 R. C. L. 65.   Right to new trial after satisfaction of judgment, see note in 68 L. R. A. 136.

See Appeal and Error, 3 C. J., sec. 115, p. 360, n. 89; sec. 552, p. 679, n. 21; 4 C. J., sec. 2425, p. 602, n. 26; sec. 2541, p. 649, n. 35.

Sullivan, Sullivan & Van Winkle, for Respondent.

When since the entry of the judgment or order appealed from the substance of the controversy between the parties has disappeared and it appears that only a moot question remains to be determined, the appeal will be dismissed. (*Abels v. Turner Trust Co.*, 31 Ida. 777, 176 Pac. 884; *Adamson v. Moyes*, 32 Ida. 469, 471, 184 Pac. 849.)

An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied. (C. S., sec. 7229.)

The specifications of error relating thereto consequently raise only a moot question and will not be discussed. (*Adamson v. Moyes, supra.*)

The final satisfaction of record of the judgment is said to be the last act and the end of the proceeding. There can be no new trial after such satisfaction, even though the order denying a motion therefor has been reversed on appeal. After such satisfaction the cause has passed beyond review by any proceeding. (1 Hayne, New Trial and Appeal, Rev. ed., p. 16; *Morton v. Superior Court*, 65 Cal. 496, 4 Pac. 489; *People v. Burns*, 78 Cal. 645, 21 Pac. 540; *In re Baby*, 87 Cal. 200, 22 Am. St. 239, 25 Pac. 405; *Estate of Shaver*, 131 Cal. 219, 63 Pac. 340; C. S., sec. 7229.)

Fremont Wood, Karl Paine and Dean Driscoll, for Appellant.

The appeal is from that portion of the judgment only awarding to the Picabo Bank a portion of the amount due from the Arthurs on the notes held by plaintiff and a corresponding interest in the lien of the mortgages securing the same, and the corresponding provision for distribution of the proceeds and entry of deficiency judgment, the contention being simply that the whole belonged to the plaintiff rather than to the Picabo State Bank and that the latter had no interest therein. The whole matter might be summarized by saying that the only question involved in the

appeal is whether the amount adjudged due the Picabo State Bank from the Arthurs belongs to the appellant or belongs to the Picabo Bank.

The enforcement of the judgment by sheriff's sale is neither inconsistent with nor does it in any way affect the relief asked on the appeal. Under such circumstances the authorities are unanimous that the appeal cannot be dismissed. (*Bechtel v. Evans,* 10 Ida. 147, 77 Pac. 212; *Goodlett v. St. Elmo,* 94 Cal. 297, 29 Pac. 505; *First National Bank v. Wakefield,* 138 Cal. 561, 72 Pac. 51; *Walnut Irr. Dist. v. Burke,* 158 Cal. 168, 110 Pac. 518; *Coffman v. Bushard,* 164 Cal. 663, 130 Pac. 425; *Falls Creek Timber Co. v. Day,* 39 Ida. 495, 228 Pac. 313.)

FEATHERSTONE, Commissioner.—In this case, the Stockyards National Bank of Chicago on August 2, 1924, commenced action to foreclose certain renewal notes and real estate and chattel mortgages, all executed by the defendants Arthur. The case was tried to the court without a jury, and on September 19, 1925, the Stockyards National Bank of Chicago and the Picabo State Bank, defendant and cross-complainant, were awarded joint interest in a decree of foreclosure and sale. On October 16, 1925, the plaintiff caused orders of sale to issue under the said decree of foreclosure and sale, and on November 21, 1925, the sheriff of Blaine county made his return under sheriff's sale, showing the mortgaged property exhausted by sale, and the sum of $3,657.80 paid to Picabo State Bank, defendant and cross-complainant, on its joint interest in the decree. On December 18, 1925, the plaintiff appealed.

During the year 1919, the plaintiff bank solicited certain lines of livestock loans from defendant Picabo State Bank, and in a letter dated August 15, 1919, the terms under which plaintiff would handle said loans were set forth:

"On notes not endorsed by the bank, but guaranteed by the officers and directors, the rediscount rate is 7%. Where notes are drawn with interest from date, we handle them the same as far as your entries are concerned, as though

they were drawn with interest from maturity. In other words, you get the full face of the note plus the difference between the interest rate and the rediscount rate, so that your customers are not paying interest in advance as is sometimes done in the East.''

Under this arrangement the Picabo State Bank procured and furnished to plaintiff bank certain livestock loans, and among other loans that it procured and assigned to plaintiff were the notes and mortgages of the Arthur brothers being foreclosed in this action. The real estate and chattel mortgages sued on by plaintiff are each dated June 5, 1921.

In August, 1922, Harry H. Neal, as trustee for Picabo State Bank and Kilpatrick Brothers Company, took second mortgages, subject to those of the plaintiff, on Arthur brothers' property, in renewal of pre-existing indebtedness to said parties from Arthur brothers, amounting to $21,-590.77; and in October, 1922, plaintiff procured renewal notes for the amount due it from Arthur brothers, but did not procure a renewal of its mortgages, letting the original mortgages stand as security for the renewal notes. At the same time, it procured from Harry H. Neal et al. a waiver of any claim to priority of his said mortgage over the mortgage to plaintiff.

After taking the last renewal notes on October, 5, 1922, plaintiff did not pay Picabo State Bank any discount or commission. It is claimed by plaintiff that the discount rates have varied from time to time, but when the discount rate was raised the rate of interest to Arthur brothers was raised; and instead of paying this commission or discount to the Picabo State Bank, as was originally agreed, plaintiff kept in a separate fund a certain arbitrary amount of money, taking the position that the sum so set aside by it was to be paid Picabo State Bank in event that the notes held by plaintiffs were paid in full.

Plaintiff then commenced this action to foreclose its mortgages, and, without paying Picabo State Bank its commission or discount, as agreed, sued for the full ten per cent, claiming to be the exclusive owner of the notes. The

Picabo State Bank, by cross-complaint, set up its joint and proportionate share in the lien of the plaintiff's mortgages securing the payment of said interest, basing its claim on the original discount agreement, and taking the position that until such time as plaintiff pays it all over seven per cent interest, that these notes call for, that it retains an interest in said notes and mortgages jointly with plaintiff and of equal rank and priority, to the extent of the difference between seven per cent and ten per cent interest which the notes bear; and the trial court having so found, plaintiff appeals.

The judgment and decree of foreclosure and sale in this cause was made and entered September 19, 1925, and on October 16, 1925, the plaintiff, without consulting with the Picabo State Bank, caused orders of sale to issue on this judgment.   On November 21, 1925, the sheriff of Blaine county made his return under the sheriff's sale, showing the mortgaged property exhausted by sale, the deficiencies still remaining unpaid, and the sum of $3,657.80 paid to the Picabo State Bank, which sum was the proportion of its interest in plaintiff's notes realized for it by sheriff's sale. On December 15, 1925, a deficiency judgment was entered in favor of the Picabo State Bank for $1,488.32, being the balance of the interest of Picabo State Bank in said notes, thus satisfying the entire judgment.   On December 18, 1925, plaintiff served notice of appeal on the attorneys for the Picabo State Bank, which appeal involved the award to Picabo State Bank of said interest in said notes.

The appellant, in its brief, makes the statement that "the validity of its award of three per cent interest on plaintiff's notes to the Picabo State Bank is the only question involved in this appeal." The record in this court shows that such is the case, and that the appeal as to all other matters has been dismissed.

The Picabo State Bank has filed in this court its motion to dismiss the appeal on the grounds that prior to the service and filing of notice of appeal, the appellant voluntarily caused that portion of the judgment appealed from

to be fully executed, and all of the property involved to be sold at sheriff's sale, and voluntarily paid respondent its proportionate share of the proceeds realized from the execution of said judgment without protest or objection; that respondent was not adjudged, in said judgment sought to be appealed from, any right against appellant, except a joint interest in the judgment recovered by appellant against Arthur brothers, and this joint interest appellant has caused to be liquidated through sheriff's sale in execution of the said judgment, and thereupon voluntarily paid respondent its proportion of the proceeds of the sale, and thereafter caused a deficiency judgment to be entered in respondent's favor against Arthur brothers for the balance remaining due from Arthur brothers to respondent; and therefore that the question now sought to be presented to this court on appeal is entirely a moot question.

[1, 2]   This court held in the case of *Adamson v. Moyes,* 32 Ida. 469, 184 Pac. 849, that where the specifications of error raise only a moot question, it will not be considered by the court; and in *Abels v. Turner Trust Co.,* 31 Ida. 777, 176 Pac. 884, it was held that this court will, upon motion to dismiss, consider evidence outside the record tending to show that since the entry of the judgment or order appealed from, the substance of the controversy between the parties has disappeared, and when it appears that only a moot question remains to be determined, the appeal will be dismissed.

[3]   The final satisfaction of record of the judgment is said to be the last act and the end of the proceeding. There can be no new trial after such satisfaction, even though the order denying a motion therefor has been reversed on appeal. After such satisfaction, the cause has passed beyond review by any proceeding. (1 Hayne's New Trial and Appeal, Rev. ed., sec. 2; *Morton v. Superior Court,* 65 Cal. 496, 4 Pac. 489; *People v. Burns,* 78 Cal. 645, 21 Pac. 540; *In re Estate of Baby,* 87 Cal. 200, 22 Am. St. 239, 25 Pac. 405; *In re Shaver's Estate,* 131 Cal. 219, 63 Pac. 340.)

In the case of *Bechtel v. Evans,* 10 Ida. 147, 77 Pac. 212, cited by appellant, the court laid down the rule that—

"If the party has collected his judgment, and in seeking to gain more by the prosecution of an appeal thereby incurs the hazard of eventually recovering less, then his appeal should be dismissed. If, on the other hand, the appeal is from such an order or judgment as that he could in no event recover a less favorable judgment and that he incurs no hazard of ever receiving less than the judgment already collected by him, we see no objection to the prosecution of his appeal."

[4]   The present case does not come under the rule laid down in the Bechtel case, which was an appeal from the taxation of costs; and there was nothing shown by the record in that case to indicate that appellant could not recover from respondent the additional amount claimed if his appeal was successful. In our opinion, there is here purely a moot question.

We think the law is correctly stated by the court in *In re Shaver's Estate, supra,* where the court says:

"The right to accept the fruits of a judgment, and the right of appeal therefrom, are not concurrent. On the contrary, they are totally inconsistent. An election to take one of these courses is therefore a renunciation of the other. *Bennett v. Van Syckel,* 18 N. Y. 484. The precise question involved herein was presented in *In re Estate of Baby,* 87 Cal. 200 [22 Am. St. 239], 25 Pac. 405, and upon the motion of respondents therein the appeal was dismissed, the court saying; 'When a judgment has been satisfied it has passed beyond review, for the satisfaction thereof is the last act and the end of the proceeding.' And upon the authority of that case, the motion must be granted."

This court has repeatedly held that it will not entertain an appeal when the substance of the controversy between the parties has disappeared, and only a moot question remains to be determined. (*Abels v. Turner Trust Co., supra,* and cases therein cited.)

We recommend that the motion of the Picabo State Bank to dismiss the appeal be granted, with costs to respondent.

Babcock, C., concurs.

PER CURIAM.—The foregoing is approved as the opinion of the court. The motion of the Picabo State Bank to dismiss the appeal is granted. Costs to respondent.