(No. 5471. July 19, 1930.)

KIRBY C. GLANCY and PEARL R. GLANCY, Appellants, v. EUGENE WILLIAMS and CLARA M. WILLIAMS, Respondents.

[290 Pac. 555.]

Rhodes & Estabrook, for Appellants.

T. A. Walters, for Respondents.

GIVENS, C. J.— In an action involving an agreement for the transfer of real property the trial court decreed that appellants should execute and deliver to respondents deeds to the property in question, and in default of their so doing the clerk of the court should make the necessary deed. Appellants appealed from said decree August 2, 1929. March 18, 1930, while the appeal was pending but before it had been heard or disposed of, appellant Kirby C. Glancy, a resident of Nampa, desired to sell other real

property not involved in this litigation, and was advised by the abstract company of Caldwell that there was a judgment against him which would show on the abstract but did not advise appellant what judgment it was. Appellant instructed the abstracter to pay it, which he did. This judgment was for costs in the action above noted, and thereafter, upon receipt of these costs amounting to some few dollars, respondents' attorney entered satisfaction of judgment March 19, 1930.

Respondents now move to dismiss the appeal on the ground that the questions involved have become moot by reason of the payment of the costs and this entry of the satisfaction of judgment. The only basis for the entry of the satisfaction of judgment was the payment of costs. There was no abandonment of the appeal on the real question involved, namely, the right to the real property, and no intent to so abandon the appeal, and no knowledge on appellants' part that the costs paid were in the suit in question.

This court has held that under such circumstances the payment of costs does not waive the right of appeal. (*Kootenai County v. Hope Lumber Co.,* 13 Ida. 262, 268, 89 Pac. 1054; see, also, *Boone v. Boone,* 160 Iowa, 284, 137 N. W. 1059, 141 N. W. 938; *Hogue v. McAllister,* 122 Wash. 347, 210 Pac. 671.) Since, therefore, the reason for the entry of the satisfaction of judgment is insufficient to warrant a dismissal of the appeal, the mere entry of the satisfaction, being by respondents and not appellants is insufficient to warrant the dismissal of the appeal. *Johnson v. Barton,* (N. D.) 134 N. W. 84, identical on the facts, thus discusses this precise question:

"The costs were only an incident of the judgment, and they were paid under circumstances occasioned by the refusal of the purchaser to take the lot and consummate his purchase unless such lot was relieved of the lien of the judgment for costs. It left standing the main judgment against the appellant. It would be extremely unjust, when

appellant is forced by stress of circumstances to pay the costs taxed against him in a suit in equity, to deprive him thereby of his right to a review of the judgment, or that part of it from which the appeal is taken."

Respondents urge *Stockyards National Bank v. Arthur,* 45 Ida. 333, 262 Pac. 510, to the effect that after judgment is satisfied it may not be reviewed. The distinction between the situation there and here is well pointed out in *Woodward v. State ex rel. Thomssen,* 58 Neb. 598, 79 N. W. 164, thus:

"The acceptance of the amount of a judgment, like the taking of a stay of execution or order of sale, is a waiver of all error in the proceedings. But the payment of the costs of a case by the party against whom the same were rendered does not have that effect. This judgment consists of two parts,—one on the merits, and the other for the costs. The payment and satisfaction of the latter is no bar to error proceeding to obtain the reversal of the order or judgment granting the peremptory writ. The payment of the costs is not an affirmance of the validity of the other portion of the judgment."

The motion to dismiss the appeal is denied.

Budge, Lee, Varian and McNaughton, JJ., concur.