[Civ. No. 418. Fourth Appellate District.—June 23, 1932.]

W. F. DREHER, Petitioner, v. SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

William C. Ring for Petitioner.

Walter Gould Lincoln for Respondents.

JENNINGS, J.—This proceeding in *certiorari* has been inaugurated to review certain orders of the Superior Court of Riverside County adjudging the petitioner guilty of contempt and imposing upon him, as a penalty therefor, a fine of $300, in default of payment of which it was ordered that he be imprisoned in the county jail of Riverside County at the rate of one day's confinement for each $2 of said fine.

The record herein shows that on February 18, 1930, a certain action was pending in the Superior Court of Riverside County in which petitioner was sued individually and as an officer of various corporations. On the aforementioned date subpoenas were issued out of the superior court ordering petitioner to appear at a designated place on February 28, 1930, then and there to give his deposition in the pending action. *Subpoenas duces tecum* were likewise issued requiring petitioner to produce certain books and records of the various corporations at the time and place appointed for the taking of his deposition. The record shows that these subpoenas were served on the petitioner in Riverside County on February 19, 1930. Petitioner did not appear at the time and place designated in the subpoenas. The proceeding for contempt was thereupon initiated against him in the superior court by the filing of two affidavits. One of these affidavits was made by the notary public before whom petitioner's deposition was to have been given. This affidavit recites that affiant was present

at the time and place appointed for the taking of the deposition and that neither petitioner nor any person representing him appeared and that affiant had not excused petitioner from being in attendance. The second affidavit was made by the plaintiff in the action in which petitioner's deposition was sought. It recites that the affiant therein was present at the time and place designated in the subpoenas and that the statement in the affidavit of the notary relative to petitioner's nonappearance was correct and that affiant had not excused petitioner from appearing as he was required to do by the subpoenas. Thereupon, an order issued out of the Superior Court of Riverside County under the signature of the respondent judge requiring petitioner to appear in said superior court on March 25, 1930, then and there to show cause why he should not be punished for contempt of court in failing, neglecting and refusing to appear at the time and place designated in the subpoenas. After various postponements the matter came on for hearing before the superior court on April 2, 1930, at which time petitioner was present in court and was examined under oath. The respondent court thereupon made its order adjudging petitioner guilty of contempt and suspended the imposition of any penalty therefor until April 17, 1930. The order further required petitioner to appear before the notary aforementioned on April 15, 1930, for the purpose of giving his deposition. The record further shows that on the date thus appointed by the court petitioner did not appear before the notary but that his attorney was in attendance and presented an affidavit signed by petitioner. Petitioner's affidavit recites that on the date of the service of the subpoenas upon him, he was, and for more than a year prior thereto he had been, a *bona fide* resident of the city of Los Angeles, county of Los Angeles, state of California, and that the said city of Los Angeles is at a distance of more than 50 miles by the most direct route of travel from the city of Riverside, the county seat of Riverside County; that at the time the subpoenas were served upon him he was in Riverside County on business and shortly thereafter and on the same day he returned to the city of Los Angeles, the place of his residence. On April 17, 1930, the matter again came on for hearing before the Superior Court of Riverside County,

at which time petitioner was present in court and through
his counsel moved that the court vacate its order of April
2, 1930, adjudging him guilty of contempt of court. The
motion was argued and was by the court denied. The
respondent court thereupon made an order in which it is
recited that in his answer filed in the action in which his
deposition was sought to be taken, personally verified by
him, was contained an allegation admitting that he was one
of the trustees of a certain voluntary trust and that certain
corporations therein named were California corporations
having their principal place of business in Riverside County.
The order further recites that it appeared from petitioner's
testimony that he had not registered in Los Angeles County,
although he claimed said county as his residence and that
it further appeared from his testimony that a large portion
of his time was spent on the properties of various com-
panies and corporations in Riverside County, and residence
being a question of intention, the court was not satisfied
that the true residence of petitioner was in fact in Los
Angeles County. The order further states that the court
had theretofore found that no showing had been made
that petitioner had left Riverside County subsequent to
the service of the subpoenas upon him and prior to the
date specified for his appearance before the notary for the
giving of his deposition. The order concludes with the
recitation that as a punishment for the contempt thereto-
fore committed petitioner should be punished by the in-
fliction of the penalty heretofore mentioned.

The function of the writ of *certiorari* which peti-
tioner here seeks is to annul the court's order adjudging
him guilty of contempt, on the ground that it was an
order made in excess of the jurisdiction of the court.
(*People* v. *Latimer*, 160 Cal. 716 [117 Pac. 1051].) For
the purpose of discovering whether the court exceeded its
jurisdiction the evidence which was before the court may be
examined by the reviewing tribunal. (*Stumpf* v. *Board of
Supervisors*, 131 Cal. 364 [82 Am. St. Rep. 350, 63 Pac.
663]; *Strain* v. *Superior Court*, 168 Cal. 216 [Ann. Cas.
1915D, 702, 142 Pac. 62]; *Hotaling* v. *Superior Court*, 191
Cal. 501 [29 A. L. R. 127, 217 Pac. 73].)

The contempt of which petitioner herein was ad-
judged guilty was one that was committed outside the

presence of the court and is denominated constructive contempt. (*Gale* v. *Tuolumne County Water Co.*, 169 Cal. 46 [145 Pac. 532]; *Tripp* v. *Tripp*, 190 Cal. 201 [211 Pac. 225]; *Lapique* v. *Superior Court*, 68 Cal. App. 407 [229 Pac. 1010].) Our code provides that in cases of constructive contempt an affidavit of the facts which are relied upon as constituting the contempt shall be presented to the court (sec. 1211, Code Civ. Proc.), whereupon an order of commitment may, upon notice or upon an order to show cause, be granted (sec. 1212, Code Civ. Proc.). Upon the appearance of the person charged with contempt it becomes the duty of the court to investigate the charge and to hear any answer which the person charged may make to the same and to examine witnesses for or against him (sec. 1217, Code Civ. Proc.), and upon the answer and the evidence received the court must determine whether or not the person proceeded against is guilty of the contempt charged and if adjudged guilty he may be punished therefor. (Sec. 1218, Code Civ. Proc.)

■ The disobedience of a witness to a subpoena requiring him to attend and give his deposition to be used as evidence in a pending action constitutes contempt of court. (Sec. 1209, Code Civ. Proc.; *Burns* v. *Superior Court*, 140 Cal. 1 [73 Pac. 597].) ■ In proceedings for constructive contempt, the affidavit which is made the basis for the proceeding constitutes the complaint and unless it contains a statement of facts which shows that a contempt has been committed the court is without jurisdiction to proceed and any judgment of contempt based thereon is void and will be so declared upon *certiorari*. (*Hutton* v. *Superior Court*, 147 Cal. 156 [81 Pac. 409]; *Frowley* v. *Superior Court*, 158 Cal. 220 [110 Pac. 817]; *Hotaling* v. *Superior Court, supra; Lapique* v. *Superior Court, supra*.) ■ An examination of the two affidavits which served as a basis for the contempt proceeding under review discloses that they set forth the following facts: That the notary was present at the time and place designated by the court for the giving of the deposition; that at said time and place no person was present other than affiant and the plaintiff in the action then pending in the superior court; that petitioner was not present nor was any person representing petitioner present; that neither the notary nor the plaintiff

in the action had excused petitioner from being present as required by the subpoenas on file in the action. When these affidavits are measured by the strict rule announced by the authorities their defectiveness becomes apparent. There is no allegation contained in either of them that any subpoena had issued out of the superior court requiring the attendance of petitioner before the notary. More important, there is no allegation in either affidavit that petitioner had been served with a subpoena or with any process that required his attendance at the time and place stated in the affidavits. The only allegation in the affidavits that contains any reference to the issuance of a subpoena is contained in the final paragraph of each affidavit, where it is said that neither the notary nor plaintiff in the pending action had excused petitioner from being present "as required by the subpoenas and *subpoenas duces tecum* now on file in the above entitled action". If this be taken as a sufficient showing of the issuance of subpoenas requiring petitioner's attendance before the notary it cannot be held to be a sufficient statement that petitioner had been served with the subpoenas. ▆ Manifestly, petitioner's contumacy consisted in his refusal to present himself at the time and place appointed. But a necessary element in this contumacy is knowledge by petitioner of the court's order requiring his attendance. (*Frowley* v. *Superior Court, supra.*) Nor can it be maintained that this defect was cured by the evidentiary showing made to the court upon the hearing or specified and found by the court in its decree adjudging petitioner guilty of contempt. The affidavits constitute the complaint in proceedings that are distinctly criminal in nature and must charge upon their face facts that clearly and unmistakably constitute contempt. (*Hutton* v. *Superior Court, supra; Hotaling* v. *Superior Court, supra.*)

▆ Another and equally cogent reason for annulling the judgment of contempt is shown by the record. As heretofore noted, two orders were made by the respondent court in the contempt proceedings. The language of these orders indicates that, taken together, they constitute the court's order adjudging petitioner to be in contempt and providing for his punishment therefor. It is true that the record does not show the testimony given by petitioner when

he appeared before the court on April 2, 1930, but it does show that no other evidence was received by the court on this date. The record further shows the presentation of petitioner's affidavit to the notary on April 15, 1930. From the inclusion of this affidavit in the record we are entitled to assume that it was before the court when it made the order of April 17, 1930. This affidavit contains the unequivocal statement that, on the date of the service of the subpoenas upon petitioner, he was a resident of the city of Los Angeles, which is more than 50 miles distant by the most direct route from the city of Riverside, the county seat of Riverside County, the place of trial of the pending action. This affidavit also contains the statement that on the date of the service of the subpoenas upon him, petitioner was in Riverside County on business but that shortly after service of the subpoenas upon him and on the same day, he returned to the city of Los Angeles, the place of his residence. The record is entirely devoid of any evidence which in any manner contradicts petitioner's sworn statement as to his place of residence and its distance from the city of Riverside. Section 1989 of the Code of Civil Procedure provides that a witness is not obliged to attend as a witness before any court, judge, justice or other officer, out of the county in which he resides, unless the distance is less than 50 miles from his place of residence to the place of trial. When the respondent court made its order of April 17, 1930, imposing a penalty upon petitioner for his alleged contempt in disobeying the subpoenas served upon him in Riverside County on February 18, 1930, it had been shown to the court by petitioner's affidavit that his place of residence was in a county other than that in which service of the subpoenas was made, at a distance in excess of 50 miles from the place of trial. The court was not, therefore, justified in imposing upon petitioner a penalty for a contempt which the uncontradicted evidence before the court showed had not been committed. It is true that residence is very largely a matter of intention. Nevertheless, residence is a question of fact and is to be determined from all the evidence presented to the court. Since the only evidence which was received by the court was to the effect that petitioner's residence was in the city of Los Angeles, the court was not justified in disregarding

it (*Estate of Brady*, 177 Cal. 537 [171 Pac. 303]; *Chambers* v. *Hathaway*, 187 Cal. 104 [200 Pac. 931]).

█ It is further contended that the order of contempt should not be annulled because, it is said, the record shows that petitioner voluntarily paid the fine assessed against him as a penalty for his contempt, thus satisfying the judgment against him and finally concluding the proceedings. It is apparent that the important feature in this regard relates to the character of payment and necessitates the determination of the question of whether petitioner voluntarily paid the fine or paid it under compulsion. If it is made to appear that he made voluntary payment then under the authority of *Morton* v. *Superior Court*, 65 Cal. 496 [4 Pac. 489], it may well be that the judgment has been satisfied and is impervious to attack by proceedings in *certiorari*. If, however, the record shows a payment under compulsion the judgment is not thereby rendered invulnerable to attack by writ of review (*Null* v. *Superior Court*, 4 Cal. App. 207 [87 Pac. 392]). The record itself is silent upon this point. The petition for the writ alleges that petitioner paid the fine under protest to avoid confinement. The answer to the petition alleges that, after petitioner had been remanded to the custody of the sheriff, he paid the fine without any protest having been heard or noted by the sheriff. If nothing more than this appeared we should be constrained to hold under the authority of *Null* v. *Superior Court, supra*, that it was incumbent upon respondents to show that payment of the fine was in fact voluntary and that in the absence of such showing the court's order was not invulnerable to review. However, it appears that petitioner, in accordance with the provisions of rule XXXVIII of the rules of this court, has presented a petition for leave to file additional evidence and that the petition has been granted by this court. The additional evidence which is thus permitted to be considered consists of a certain document which is in the following language:

"Riverside, Calif.
"April 17th, 1930.

"Received of W. F. Dreher Three Hundred and No/100 Dollars paid under protest as fine in Re contempt of Court

in case of Lincoln vs. Dreher, #20102, Superior Court of State of Calif. in and for the County of Riverside.

"D. G. CLAYTON,

"County Clerk and Ex-Officio Clerk of the Superior Court in and for Riverside County, State of California.

"By: G. A. PEQUEGUAT,
"Deputy."

By the presentation of this instrument it conclusively appears that the payment of the fine imposed as a penalty for the contempt charged was not made freely and voluntarily but that it was made under protest. It was therefore a payment made under what may be regarded as legal compulsion and petitioner is not thereby foreclosed from seeking to review the order of respondents by proceedings in *certiorari* (*Null* v. *Superior Court, supra*).

The proceedings and orders by which petitioner was adjudged to be in contempt and imposing a penalty therefor are annulled.

Barnard, P. J., and Scovel, J., *pro tem.*, concurred.